ELLIS, Judge:
This case arises out of an automobile accident between an automobile owned and operated by Windom J. Lambert, and an automobile owned and operated by Cecil D. Kelley in which his wife, Mrs. Marie Kelley was riding as a guest passenger. Mr. Kelley was an uninsured motorist, and Mr. Lambert’s uninsured motorist insurer, United Companies Fire & Casualty Insurance Company was named as a party defendant herein.
The suit was originally filed by Mr. Lambert against Mr. Kelley and United. Mr. Kelley reconvened against Lambert and United, and Mrs. Kelley intervened in the case against Lambert and United, all parties seeking damages for personal injuries suffered in the accident.
After trial on the merits, judgment was rendered in favor of Mr. Lambert and against Mr. Kelley and United for $7,500.-00, with United’s liability being limited to $3,000.00. Both the reconventional demand and the intervention were dismissed. From that judgment, both Mr. and Mrs. Kelley have appealed to this court.
The accident happened at about 6:30 p. m. two miles west of Gonzales on Louisiana Highway 938, a black top highway. It was dark and raining, and the surface of the highway was wet. Highway 938, at the point of the accident, makes a 90 degree turn to the South. The curve is rather steeply banked. A gravel road, known as Toby Road, intersects Highway 938 from the East at an acute angle, almost tangential to the curve at its Westernmost end. The surface of Toby Road was three or four feet lower than the highway, because of the steep bank caused by the curve.
Mr. Lambert was coming from Gonzales on Highway 938, and Mr. Kelley was approaching Gonzales from the West.
According to Mr. Kelley’s testimony, as he approached the above described curve he became aware of the lights of Mr. Lambert’s vehicle. When the Lambert car came around the curve, Mr. Kelley testified that it was on his side of the road. He immediately applied his brakes, and his car went into a skid. He testified that his car continued to skid until it collided with the Lambert vehicle. He was unable to say where on the highway the collision took place, but conceded that it might have taken place in the West bound lane.
Mr. Lambert testified he entered the curve in his own lane of traffic and remained in that lane. He testified that he never did see the Kelley vehicle and had no recollection of the accident having happened.
The only eye witnesses to the accident were the occupants of a vehicle which was stopped at the intersection of Toby Road and Highway 938, waiting for the oncoming vehicles to clear. According to their testimony, the Lambert car came around the curve straddling the white line in the center of the highway, and the accident took place in the West bound lane of traffic on Highway 938, Mr. Lambert’s lane.
The testimony of the officers investigating the accident was to the effect that the accident happened just at the beginning of the curve in the center of the West bound lane of traffic. They testified they were able to identify 100 feet of skid marks left by the Kelley vehicle which started in the East bound lane and crossed the center of the highway into the West bound lane leading up to the point of collision. One of the officers testified that the Lambert vehicle left 29 feet of skid marks, entirely in the West bound lane.
As pointed out by the trial judge, the issue presented is purely factual. If the testimony of defendants and their witnesses is to be accepted, defendants should prevail. On the other hand, if Mr. Lambert’s testimony, as corroborated by the testimony of the officers as to skid marks, is accepted, plaintiff should prevail. The trial judge accepted plaintiff’s version of the accident, and we find no manifest error in his decision in that respect.
The judgment appealed from is therefore affirmed, at defendant’s cost.
Affirmed.